Case 1:21-cr-20202-KMM   Document 3   Entered on FLSD Docket

FILED BY **Cgriffin** D.C.
**Jan 25, 2021**
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami, FL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 21-MJ-02145-TORRES

UNITED STATES OF AMERICA

v.

CALVIN TERRELL WRIGHT,

    **Defendant.**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?
_____Yes   __x___ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?
_____Yes   __x___ No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?
_____Yes   __x___ No

    Respectfully submitted,

    ARIANA FAJARDO ORSHAN
    UNITED STATES ATTORNEY

BY:    *Eduardo Gardea*
    EDUARDO GARDEA, JR.
    Assistant United States Attorney
    Federal Bar No. A5502663
    99 NE 4th Street, 6th Floor
    Miami, Florida 33132
    Tel: (305) 961-9339
    eduardo.gardea.jr@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
| v. | ) |
|  | ) Case No. 21-MJ-02145-TORRES |
| CALVIN TERRELL WRIGHT, | ) |
|  | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  1/14/2021  in the county of  Miami-Dade  in the  Southern  District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of firearms and ammunition by a convicted felon. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*   ID #5938

Luis R. Cerra, ATF Task Force Officer
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by telephone.

Date: 1/25/2021

_____
*Judge's signature*

City and state: Miami, Florida

Edwin G. Torres, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Luis R. Cerra, being duly sworn, depose and state as follows:

1. I am a Detective in the Miami-Dade Police Department ("MDPD") and a Task Force Officer ("TFO") with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). I have been an ATF TFO since November 2015 and an MDPD Detective since 2008. As an ATF TFO, I am currently assigned to the Firearm Interdiction and Recovery Enforcement task force. My duties and responsibilities include the investigation of violent crimes and crimes involving firearms, which also include drug trafficking offenses involving the use of firearms and the possession of firearms by convicted felons.

2. The facts contained in this Affidavit are based on my personal knowledge and information provided to me by other law enforcement officers and witnesses. This Affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging CALVIN TERRELL WRIGHT ("WRIGHT") with possession of firearms and ammunition by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1). The facts set forth herein do not constitute all the facts known to law enforcement officers regarding this matter.

3. On or about January 14, 2021, at approximately 5:00 a.m., law enforcement officers responded to reports of a vehicle stopped in the driving lane at a traffic light in a school zone, on the intersection of NW 22nd Avenue and NW 127th Street, Opa-Locka, Florida. Upon arrival to the scene, the officers walked up to the vehicle, a 2010 Chevrolet Malibu ("Malibu"), and looked through the car window, where they noticed a man, later identified as WRIGHT, slumped over the steering wheel. WRIGHT was the only person inside the Malibu, which the officers later learned was owned by WRIGHT's relative.

4. The officers called out to WRIGHT through the car window, but WRIGHT was unresponsive. The officers then knocked on the window, after which WRIGHT became responsive.

5. After initial questioning, the officers asked WRIGHT to exit the Malibu in an effort to conduct an interview of WRIGHT outside of the roadway. As WRIGHT exited the Malibu, one officer alerted the other officers to a handgun in plain view, protruding from under the driver's seat. The officers then detained WRIGHT pending further investigation, transporting him to the back seat of one of the police cars. Shortly after being detained, WRIGHT indicated that he knew that he was a convicted felon.

6. After inspecting WRIGHT's driver's license and conducting a routine records check, the officers confirmed that WRIGHT had been previously convicted of multiple felonies in the State of Florida, including for possession with intent to distribute drugs in 2006 and in 2010, and for a previous possession of a firearm as a convicted felon in 2010. The officers then secured the Malibu and WRIGHT remained in the back of the police car until I arrived.

7. After my arrival on the scene at approximately 7:20 a.m., I observed the handgun, later identified as a semi-automatic Kel-Tec 9 mm pistol with an extended magazine, in plain view. I then impounded the Kel-Tec pistol.

8. I also observed a pill bottle in plain view, resting atop the driver's side door panel. Noting that WRIGHT was initially unresponsive when the police officers arrived, I inspected the pill bottle, which had WRIGHT's name on the label. The pill bottle appeared to contain small bags of suspect crack cocaine, individually wrapped in a manner consistent with street-level sales of narcotics.

9. I later walked around to the passenger's side of the Malibu where I observed a backpack sitting on the front passenger's seat. The backpack contained another semi-automatic firearm. That second firearm was later identified as a .22 caliber Mossberg short-barreled rifle, resembling an assault-style pistol, loaded with a high-capacity magazine containing 22 rounds of .22 caliber ammunition. Approximately 309 loose rounds of .22 caliber ammunition were also found inside the backpack. In addition, the backpack contained more suspect crack cocaine, individually wrapped inside small plastic bags in a manner consistent with street-level sales of narcotics, like those found inside the pill bottle. All suspect crack cocaine has been sent to the MDPD's narcotics lab for testing.

10. After observing the two firearms and the suspect crack cocaine, I walked toward the police car where WRIGHT was being detained.

11. As I approached, WRIGHT spontaneously stated that what I found inside the backpack was for his protection. I then presented WRIGHT with a Miranda form, which he read and initialed. Post-*Miranda*, WRIGHT confirmed his possession of the Mossberg firearm and acknowledge that the pill bottle was his.

12. WRIGHT was later transported to the MDPD Northside station and charged with possession of a concealed firearm by a violent career criminal in Florida State case F21000686, and with possession with intent to distribute cocaine in Florida State case F21000687.

13. The .22 caliber Mossberg firearm was manufactured outside of the State of Florida. In addition, all of the ammunition, including the ammunition loaded into the Kel-Tec's and the Mossberg's magazines, as well as the loose rounds found inside the backpack, were manufactured outside of the State of Florida before being transported into the state.

3

14. Based upon the foregoing, I submit that there is probable cause to believe that on or about January 14, 2021, WRIGHT, having been convicted of a crime punishable by imprisonment for a term exceeding one year, possessed firearms and ammunition in or affecting interstate commerce, despite previously knowing that he was a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
LUIS R. CERRA, TASK FORCE OFFICER
BUREAU OF ALCOHOL, TOBACCO,
FIREARMS & EXPLOSIVES

Attested to in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this 25 day of January, 2021.

_____
HONORABLE EDWIN G. TORRES
UNITED STATES MAGISTRATE JUDGE

4