UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cr-20202-MOORE

UNITED STATES OF AMERICA,

vs.

CALVIN TERRELL WRIGHT,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

THIS CAUSE was before the Court following an Order of Reference to conduct a proceeding for acceptance of a guilty plea by Defendant Calvin Terrell Wright in this case. Based upon the change of plea hearing conducted on December 17, 2021, the undersigned makes the following findings, and recommends that the guilty plea be accepted.

1.   This Court advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Reference from the District Court. This Court further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. This Court advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case. Defendant, Defendant's attorney and the Assistant United States Attorney all consented on the record to this Court conducting the change of plea hearing.

2. This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Fed. R. Crim. P. 11.

3. Defendant pled guilty to the sole count of the Indictment, which charges him with possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section, Section 922(g). The Court advised Defendant that maximum sentence that may be imposed is a sentence of ten years imprisonment, followed by a term of supervised release of up to three years; a fine of up to $250,000; and a mandatory special assessment of $100.00. Defendant was also advised of the possibility of restitution and forfeiture. Defendant acknowledged that he understood the possible maximum penalties that could be imposed in the case.

4. To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. The Government established all the essential elements of the crime to which Defendant is pleading guilty. Defendant acknowledged that the facts proffered by the Government were accurate, and defense counsel agreed that the proffer satisfied all elements of the crime charged and stipulated that the facts were sufficient to confer the Court's jurisdiction over the Defendant for this offense.

5. The parties entered into a written plea agreement that was thereafter filed with the Court. I reviewed that plea agreement on the record and Defendant acknowledged that he had reviewed the entire agreement with his counsel, and the agreement had been translated for him, before he signed the agreement. Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with him.

6. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that

the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

7. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office.

Therefore, it is hereby:

**RECOMMENDED** that Defendant's plea of guilty be accepted, that Defendant be adjudicated guilty of sole count of the Indictment filed in this case, as more particularly described herein, and that a sentencing hearing be conducted for final disposition of this matter.

The Parties will have fourteen calendar days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 21st day of December, 2021.

_____
LAUREN F. LOUIS
**UNITED STATES MAGISTRATE JUDGE**

cc:   The Honorable K. Michael Moore
      Counsel of record